[Cite as *State v. Roberson*, 2016-Ohio-3206.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-15-042

        Appellee                             Trial Court No. 2015 CR 033

v.

Eric Roberson                              **DECISION AND JUDGMENT**

        Appellant                            Decided:  May 27, 2016

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney,
David E. Romaker, Jr. and David T. Harold, Assistant
Prosecuting Attorneys, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Eric Roberson, appeals the June 1, 2015 judgment of

the Wood County Court of Common Pleas which, following his guilty plea to one count

of attempted trespass in a habitation, was sentenced to 12 months of imprisonment.  For

the reasons that follow, we affirm.

{¶ 2} On February 19, 2015, appellant was indicted on one count of attempted burglary, R.C. 2923.02, 2911.12(A)(2) and 2911.12(D). Appellant entered a not guilty plea to the charge. On April 24, 2015, appellant withdrew his not guilty plea and entered a plea of guilty to an amended charge of attempted trespass in a habitation, R.C. 2923.02, 2911.12(B)(E), a fifth degree felony. The state recommended an eight-month prison sentence.

{¶ 3} Appellant's sentencing hearing was held on May 29, 2015, and the court sentenced him to 12 months in prison to be served consecutive to his prison term following his May 26, 2015 conviction in a Lucas County, Ohio, case. This appeal followed.

{¶ 4} Appellant has appealed the conviction and sentence to this court through appointed counsel. Appellant's counsel advises the court, however, under procedures announced in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that he has thoroughly examined the record, discussed the case with appellant, and is unable to find meritorious grounds for appeal. Following *Anders* procedure, appellate counsel filed a brief setting forth potential grounds for appeal and also filed an affidavit and motion to withdraw as counsel.

{¶ 5} Counsel notified appellant of his inability to find meritorious grounds for appeal and provided appellant with copies of both the *Anders* brief and his motion to withdraw. Counsel advised appellant of his right to file his own appellate brief. Appellant has not filed an additional brief.

2.

**{¶ 6}** In the *Anders* brief, counsel has asserted two potential assignments of error:

I: The trial court did not comply with the directives of R.C. 2929.11 and 2929.12 in sentencing appellant to a maximum sentence in the Ohio Department of Rehabilitation and Corrections.

II: The trial court erred to the prejudice of appellant by imposing a consecutive sentence without making proper judicial findings under R.C. 2929.14(C).

**{¶ 7}** In counsel's potential assignments of error, he contends that the trial court erred by failing to properly consider the relevant sentencing statutes. We note that the court reviews felony sentences under the two-prong approach set forth in R.C. 2953.08(G)(2). *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶ 8}** Appellant's counsel argues that in sentencing appellant to a maximum, 12-month consecutive sentence the trial court failed to comply with the sentencing guidelines in R.C. 2929.11, 2929.12 and 2929.14(C). Although the abuse of discretion

3.

standard set forth in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, is no longer controlling in appellate review of felony sentencing, we recognized in *State v. Tammerine,* 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, that *Kalish* still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law.

{¶ 9} Significantly, *Kalish* determined that a sentence was not clearly and convincingly contrary to law in a scenario in which it found that the trial court had considered the R.C. 2929.11 purposes and principles of sentencing, had considered the R.C. 2929.12 seriousness and recidivism factors, had properly applied postrelease control, and had imposed a sentence within the statutory range. *Kalish* at ¶ 18; *Tammerine* at ¶ 15.

{¶ 10} We first note that the sentence imposed was within the statutory range. At appellant's May 29, 2015 sentencing hearing, the trial court noted that there were no factors "decreasing the seriousness of the offense" and that there were four factors indicating that recidivism was more likely. *See* R.C. 2929.12. The factors included that appellant was on probation at the time he committed the offense, he had previously been adjudicated a delinquent child, he had a history of criminal convictions and had not responded favorably to sanctions, and he showed no real remorse for the current offense. The court noted that appellant's act stole the victims' feeling of security in their home.

{¶ 11} Appellant also contends that his consecutive sentence is contrary to law. The court noted that a consecutive sentence was necessary based on the need to "protect

4.

the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct (commencing in 1999, and which the court verbally outlined) and to the danger the offender poses to the public."

{¶ 12} The court further found:

[T]he Defendant committed one or more offenses while he was under a sanction, or at least two offenses were committed as part of one or more courses of conduct, and the harm caused was so great that no single prison term adequately reflects the seriousness of the Defendant's conduct, and certainly that the Defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant * * *.

{¶ 13} Appellant was also given postrelease control and appeal notifications and was ordered to pay the costs of prosecution. In the court's June 1, 2015 judgment entry, it made similar findings and specifically referenced R.C. 2929.11, 2929.12 and 2929.14(C)(4).

{¶ 14} Based on the foregoing, we find that the trial court complied with the felony sentencing statutes in sentencing appellant to a maximum, consecutive sentence. Accordingly, appellant's counsel's first and second potential assignments of error are not well-taken.

5.

{¶ 15} This court, as required under *Anders,* has undertaken an independent examination of the record to determine whether any issue of arguable merit was presented for appeal. We have found none. Accordingly, we find this appeal is without merit and wholly frivolous. We grant the motion of appellant's counsel to withdraw as counsel in this appeal and affirm the judgment of the Wood County Court of Common Pleas. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.